

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Education
Austin
Texas

Gentlemen:                    Attention: Gaynor Kendall

Opinion Number O-2707
Re: Effect of purchase agreement
executed by State Board of
Education on behalf of the
Permanent School Fund upon
bonds subsequently authorized
by the seller following dis-
approval of bonds involved in
original purchase agreement.

We acknowledge receipt of your letter in which you request our opinion on the question raised by the following facts:

"At the meeting of the State Board of Education on July 2, 1940 there was offered to the State Board of Education for purchase or waiver $200,000 Corpus Christi Junior College District Bonds maturing $14,000 in 1941, $15,000 1942-43, $16,000 1944-46, $17,000 1947-49, $18,000 in 1950, $19,000 in 1951 and $20,000 in 1952, the first maturing $92,000 to bear interest at 3% per annum, payable semi-annually and the last maturing $108,000 to bear interest at 3½% per annum, payable semi-annually. The Board elected to purchase said bonds at par and accrued interest, meeting the bid certified by the district as being the best bid received for said bonds.

"When the bonds were presented for your approval, you declined to approve the issuance of same because of the failure of observance of certain legal re-quirements in connection with the voting of the bonds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State Board of Education, page #2

"Thereafter another election was held in the district and the bonds were voted in compliance with legal requirements.

"The officials of the district again took bids on the bonds after the second election, and obtained a bid for the bonds below 2½% interest. The Board of Education believes that the State is entitled to the bonds under the purchase agreement consummated by its order of purchase on July 2, and that the district is bound to deliver to the State Permanent School Fund at par and accrued interest 3 and 3½% bonds as described above."

Your question being - whether the said Corpus Christi Junior College District is now obligated and bound to deliver to the State of Texas, for and on behalf of the Permanent School Fund, its 3 and 3½% bonds as per its offering accepted by the Board on July 2, 1940.

It seems clear from the facts stated in your letter that the bonds were offered for sale prior to approval by this department as required by Article 2786, Vernon's Annotated Civil Statutes. Article 2815h, Section 7, as amended, provides that bonds of Junior College Districts shall be issued in accordance with the provisions of the general law governing the issuance of bonds by independent school districts. Articles 2786 and 2788, as amended, prescribe the manner in which bonds shall be issued by independent school districts. Article 2788, as amended, reads, in part, as follows:

"When said bonds have been duly approved and registered, they shall continue in the custody of and under the control of said Board and shall be sold by said Board for cash, either in whole or in parcels." (Underscoring ours.)

The Board referred to in this quotation means the Board of Trustees of the school district. It can be fairly implied here that the bonds must be approved and registered prior to sale thereof. If so, it must follow that the purchase agreement entered into by the State Board of Education and the

State Board of Education, page #3

Corpus Christi Junior College District July 2, 1940, was
contingent upon such bonds being approved by the Attorney
General and registered by the Comptroller of Public Ac-
counts, although this contingency was not expressed in the
said agreement.

Subsequent to July 2, 1940, pursuant to statute,
the transcript of proceedings covering the authorization of
this issue of bonds was submitted to the Attorney General
for approval, and in the course of the examination of such
transcript it was determined that the election called for
the purpose of authorizing such bonds was illegally held,
and was, therefore, disapproved. It was our opinion that
the election proceedings were void and were totally ineffec-
tual for any purpose. Hence, we must conclude that the bonds,
which the Board of Education attempted to purchase, never,
in fact, existed, and the purchase agreement of July 2, 1940,
is of no further force and effect.

We do not believe that the action of the Board of
Education could in anywise be construed to compel the Corpus
Christi Junior College District to vote, issue and deliver
bonds of the description set forth in the purported purchase
agreement of July 2, 1940. Accordingly we are of the opinion
that the Corpus Christi Junior College District is not obli-
gated to deliver bonds of any description to the Board of
Education pursuant to such purported purchase agreement.

We conclude from the facts above stated that the
Junior College District has voted another issue of bonds in
the amount of $200,000 bearing a different and lesser rate
of interest, and that such bonds mature upon a basis differ-
ent from that described in the purchase agreement of July 2,
1940. Manifestly, this is not the same issue of bonds and
we think that under the law the Junior College District must

State Board of Education, page #4

proceed in the same manner to sell the bonds now authorized as was undertaken in the sale of the bonds described in the purchase agreement entered into by the Board of Education on July 2, 1940.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

OEC-s

APPROVED OCT 22, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN